Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>*Recurrido*<br><br>v.<br><br>OBE E. JOHNSON<br><br>*Peticionario* | KLCE202301441 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Criminal Núm.: K PD2005G0656<br><br>Sobre: Art. 173 CP |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de enero de 2024.

Comparece ante nos el señor Obe E. Johnson (señor Johnson o peticionario), por derecho propio y en forma *pauperis*, mediante escrito intitulado *Motion requesting this Honorable Tribunal de Apelaciones schedule a hearing date to celebrate the new trial, within the Tribunal de Primera Instancia,* suscrito el 6 de diciembre de 2023[1]. Por medio de este, el peticionario nos solicita que se establezca una fecha para la celebración de un nuevo juicio.

Por los fundamentos que exponemos a continuación, **desestimamos** el recurso de *certiorari* por falta de jurisdicción.

### I.

En su escrito, el señor Johnson, quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación, adujo que, el 1 de agosto de 2023, el foro primario le concedió al Fiscal de Distrito un término de treinta (30) días para expresar su posición. Por otro lado, señaló que, el 19 de septiembre de 2023, el foro primario le concedió un término de treinta (30) días al Director de la

---

[1] El escrito fue recibido en el Tribunal de Apelaciones el 15 de diciembre de 2023.

Número Identificador
RES2024_____

Sociedad para Asistencia Legal de la Oficina de San Juan, para que determine si procede algún remedio postsentencia en el presente caso. Así, el señor Johnson refiere que los términos concedidos por el foro primario expiraron y aún no ha recibido respuesta.

Por último, el señor Johnson aduce que el Tribunal de Primera Instancia lo sentenció ilegalmente bajo el Código Penal de Puerto Rico de 2004 y el Código Penal de Puerto Rico de 1974. En esencia, el peticionario solicita a este Tribunal de Apelaciones que establezca una fecha para la celebración de un nuevo juicio.

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores, según lo permite la Regla (7)(B)(5) del Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B, R. 7.

**II.**

**-A-**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior[2]. La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial[3]. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera"[4]. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho"[5].

---

[2] Véase *Torres González v Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR ___ (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001).
[3] *Íd.*
[4] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2014); *Negrón v. Srio. De Justicia, supra,* pág. 91.
[5] *Íd.*

Con el fin de que podamos ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones[6], señala los criterios que para ello debemos considerar. Éstos son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

**-B-**

La jurisdicción es la autoridad que posee un tribunal o un foro administrativo para considerar y adjudicar determinada controversia o asunto[7]. La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay[8]. Por lo tanto, los tribunales deben ser celosos guardianes de su jurisdicción y están obligados a considerar dicho asunto aún en

---

[6] 4 LPRA XXII-B, R. 40.
[7] *Pérez López y otros v. CFSE*, 189 DPR 877, 882 (2013).
[8] *Maldonado v. Junta de Planificación*, 171 DPR 46 (2007).

ausencia de señalamiento a esos efectos por las partes, esto es, *motu proprio*[9].

A tono con lo anterior, nuestro Tribunal Supremo ha expresado que los tribunales "debemos ser celosos guardianes de nuestra jurisdicción", por lo que tenemos la indelegable labor de auscultarla, incluso cuando ello no se nos haya planteado[10]. Así pues, "**las cuestiones jurisdiccionales deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo**"[11]. (Énfasis nuestro). Ello, ya que los tribunales no tenemos discreción para asumir jurisdicción donde no la tenemos[12]. Cuando este Foro carece de jurisdicción, procede la inmediata desestimación del recurso apelativo[13].

Un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia[14]. Estos tipos de recursos carecen de eficacia y no producen ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo[15].

## III.

Como cuestión de umbral, nos corresponde atender el asunto relativo a la jurisdicción debido a que este debe ser resuelto con preferencia a cualquiera otra cuestión antes de entrar a considerar los méritos del recurso. Veamos.

En su escueto recurso, el señor Johnson se limita a solicitar a este Tribunal de Apelaciones que establezca una fecha para la

---

[9] *S.L.G. Solá-Maldonado v. Bengoa Becerra*, 182 DPR 675, 682 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357, 362 (2001).

[10] *Cordero et al. v. ARPe et al.*, 187 DPR 445, 457 (2012).

[11] *Íd*, pág. 856.

[12] *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015).

[13] *S.L.G. Szendrey-Ramos v. F. Castillo*, supra, pág. 883.

[14] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

[15] *Íd.*

celebración de un nuevo juicio. No obstante, el apéndice de este recurso no contiene una determinación judicial que sea revisable por este Tribunal.

Cabe mencionar que el señor Johnson incumplió con gran parte de las disposiciones reglamentarias correspondientes a la presentación y perfeccionamiento de un recurso de *certiorari*[16]. Particularmente, ha incumplido con las formalidades para el contenido del recurso, pues no incluyó una relación fiel y concisa de los hechos procesales y materiales del caso. Tampoco consignó ni un solo señalamiento de error que a su juicio hubiese cometido el foro recurrido.

En resumen, el recurso ante nos no reúne las exigencias reglamentarias necesarias para que podamos entender en el mismo. Una vez el foro primario notifique una determinación revisable por este foro revisor, el señor Johnson podrá, si lo entiende necesario, recurrir nuevamente ante nos. Lo que ahora nos corresponde, ante la falta de jurisdicción, es desestimar el recurso. Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra.*

**IV.**

Por los fundamentos que anteceden, **desestimamos** el recurso de *certiorari* por falta de jurisdicción.

Notifíquese al señor Obe E. Johnson, quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación: Institución Guayama 500 AB-033 PO Box 1000-5 Guayama, PR 00785, o en cualquier institución en donde se encuentre.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[16] Véase, Regla 34 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 34.